UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL A. HINTON, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. 3:20-cv-00633 <br><br> Judge Aleta A. Trauger <br> Magistrate Judge Alistair E. Newbern |

To: The Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

This medical malpractice action brought under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671–2680, arises out of pro se Plaintiff Michael A. Hinton's treatment at the Tennessee Valley Healthcare System (TVHS) campus in Nashville, Tennessee, which is a Veterans Administration (VA) facility. (Doc. No. 1.) Before the Court is the United States' renewed motion to dismiss Hinton's complaint for failure to comply with the Tennessee Health Care Liability Act (THCLA), Tenn. Code Ann. § 29-26-122, which requires a plaintiff to file a certificate of good faith with a complaint alleging medical malpractice. (Doc. No. 20.) Hinton has filed a response in opposition (Doc. No. 23.) On consideration of the parties' arguments, and for the reasons that follow, the Magistrate Judge will recommend that the United States' motion to dismiss be denied.

I.       **Factual and Procedural Background**[1]

Hinton suffers from diabetes and lost his left leg in August 2010 due to diabetes and infection. (Doc. No. 1.) In 2011, Hinton began seeing podiatrist Dr. Mark P. Hinkens at the TVHS for care of his right foot. (*Id.*) "Usually, when [Hinton] saw Dr. Hinkens . . . [Dr. Hinkens] trimmed [Hinton's] toenails, asked if [Hinton] had a complaint about a callus, and he would use a file to sand it down without incident because he knew of [Hinton's] medical problems of diabetes and [being] prone [to] infections." (*Id.* at PageID# 2.) However, when Hinton complained of a callus on November 6, 2017, "Dr. Hinkens used a scalpel to trim the callus causing it to bleed and become an open wound." (*Id.*) The wound became infected, leading to amputation of Hinton's right toes and, ultimately, to amputation of his right leg below the knee. (Doc. No. 1.)

Hinton filed an administrative tort claim with the VA on October 23, 2019. (*Id.*) On May 19, 2020, he received a letter denying that claim and informing him that he had six months to bring a claim under the FTCA in federal court. (*Id.*) Hinton did so on July 20, 2020, by filing a complaint alleging that Dr. Hinkens breached applicable standards of care in treating Hinton that led to the loss of Hinton's right leg. (*Id.*) Hinton seeks $1.5 million in damages.

On November 10, 2020, the United States filed a motion to dismiss Hinton's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to comply with the THCLA, Tenn. Code Ann. § 29-26-122, which requires a plaintiff to file a certificate of good faith with a complaint alleging medical malpractice. (Doc. No. 9.) Hinton filed a response in opposition (Doc. No. 12), the United States filed a reply (Doc. No. 13), and Hinton filed an unsigned surreply without leave of Court (Doc. No. 15). The Court construed Hinton's filings as a motion for an extension of time

---

[1]       The facts in this section are drawn from Hinton's complaint (Doc. No. 1) and assumed to be true for purposes of this Report and Recommendation.

to file a certificate of good faith and granted the extension for good cause shown. (Doc. No. 16.) The Court extended the deadline to file the certificate of good faith until June 7, 2021, and administratively terminated the United States' motion to dismiss without prejudice to refiling after the extended time period passed. *Id.*

Hinton did not file a certificate of good faith by the extended deadline and, on June 28, 2021, the United States filed a renewed motion to dismiss. (Doc. No. 20.) Hinton filed a "Memorandum of Reply Not to Dismiss Complaint," which this Court construes as a response in opposition to the United States' motion. (Doc. No. 23, PageID# 110.) The United States did not file a reply.

**II.      Legal Standard**

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim[.]" Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A plaintiff must plead more than "'labels and conclusions[,]'" "'a formulaic recitation of the elements of a cause of action[,]'" or "'naked

3

Case 3:20-cv-00633     Document 24     Filed 02/22/22     Page 3 of 19 PageID #: 119

assertion[s]' devoid of 'further factual enhancement.'" *Id.* (third alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Hinton appears pro se, the Court construes his filings "'liberally'" and holds his complaint "'to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). There are limits to liberal construction, however, and "courts are not required to conjure up unpleaded allegations or guess at the nature of an argument." *Brown v. Cracker Barrel Rest.*, 22 F. App'x 577, 578 (6th Cir. 2001) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**III.     Analysis**

The FTCA "'waive[s] the sovereign immunity of the United States for certain torts committed by federal employees' acting within the scope of their employment." *Brownback v. King*, 141 S. Ct. 740, 746 (2021) (quoting *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994)). "[T]he FTCA does not *create* liability, it merely waives sovereign immunity to the extent that state-law would impose liability on a 'private individual in similar circumstances.'" *Myers v. United States*, 17 F.3d 890, 899 (6th Cir. 1994) (quoting 28 U.S.C. § 2674). Hinton thus seeks to hold the United States liable for Dr. Hinkens's alleged medical malpractice to the same extent that a similarly situated provider would be liable if sued in Tennessee state court.

The United States offers only one reason to dismiss Hinton's complaint: that Hinton has not filed the certificate of good faith that the THCLA requires a plaintiff to file with a complaint alleging medical malpractice. (Doc. No. 21.) In his pro se response, Hinton argues that the THCLA's good faith certificate requirement "directly collides with the Federal Rules [of Civil

4

Case 3:20-cv-00633    Document 24    Filed 02/22/22    Page 4 of 19 PageID #: 120

Procedure]" and therefore should not apply in this federal action.[2] (Doc. No. 23, PageID# 115.) Recent decisions from the Sixth Circuit and other courts of appeals support Hinton's position and direct that the THCLA's certificate requirement does not apply to medical malpractice claims brought in federal court under the FTCA.

### A. The THCLA's Good-Faith Certificate Requirement

"In the wake of the tort reform movement of the 1970s, and in order to resolve frivolous medical malpractice claims swiftly, twenty-nine states enacted . . . statutes that impose some additional pleading requirement on plaintiffs in medical malpractice cases." D. Chanslor Gallenstein, *Whose Law Is It Anyway? The Erie Doctrine, State Law Affidavits of Merit, and the Federal Tort Claims Act*, 60 U. Louisville L. Rev. 19, 30–31 (2021) (footnotes omitted). These laws generally "require plaintiffs in medical malpractice suits to file an affidavit with their complaint from a doctor or other medical professional who has reviewed the pertinent facts of the case that states that there is a reasonable and meritorious cause for filing the lawsuit." *Id.* at 31 (footnote omitted). Tennessee's contribution to this effort is the good-faith certificate requirement of the THCLA, codified at Tennessee Code Annotated § 29-26-122(a).

The THCLA governs all health care liability actions—defined as "any civil action . . . alleging that a health care provider or providers have caused an injury related to the provision of, or failure to provide, health care services to a person, regardless of the theory of liability on which the action is based"—brought under Tennessee law. Tenn. Code Ann. § 29-26-101(a)(1). The

---

[2] Specifically, Hinton states that "the Defendant is requesting a certificate of good faith to prove if a case has merit" but, under Federal Rule of Civil Procedure 12(b)(6), the Court "should assume the veracity of well-pleaded factual allegations." (Doc. No. 23, PageID# 114) (internal punctuation omitted). Hinton also quotes Federal Rule of Civil Procedure 8 governing the rules of pleading and emphasizes that "the rule[ ] . . . does not mention[ ] anything about needing a good faith certificate to be attached to your claim before filing." (*Id.*)

parties do not dispute that Hinton's FTCA claim falls within the THCLA's broad scope, and the Court agrees. *See Osunde v. Delta Med. Ctr.*, 505 S.W.3d 875, 884–85 (Tenn. Ct. App. 2016) ("Given the breadth of the statute, it should not be surprising if most claims now arising within a medical setting constitute health care liability actions." (footnote omitted)). Thus, the THCLA is part of the Tennessee law that governs the merits of Hinton's FTCA claim. *See Young v. United States*, 71 F.3d 1238, 1242 (6th Cir. 1995) ("As a general rule, domestic liability on the part of the federal government under the Federal Tort Claims Act is determined in accordance with the law of the state where the event giving rise to liability occurred.").

Section 29-26-122(a) provides: "In any health care liability action in which expert testimony is required . . . the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint." Tenn. Code. Ann. § 29-26-122(a). The certificate must state that the plaintiff has consulted with an expert who, based on medical records, has provided a written statement affirming that there is a good-faith basis for the plaintiff's action. *Id.* § 29-26-122(a)(1)–(2). "If the certificate is not filed with the complaint, the complaint shall be dismissed . . . absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested . . . or demonstrated extraordinary cause." *Id.* § 29-26-122(a). The statute further provides that "[t]he failure of a plaintiff to file a certificate of good faith in compliance with this section shall, upon motion, make the action subject to dismissal with prejudice." *Id.* § 29-26-122(c).

**B.    Application of State Medical Malpractice Affidavit and Certificate Requirements in FTCA Claims**

Because the FTCA waives sovereign immunity only to the extent that state law would impose liability on a similarly situated defendant, federal courts apply state substantive law to FTCA claims while "federal law still governs the procedural aspects of the case." *Brusch v. United*

*States*, 823 F. App'x 409, 411 (6th Cir. 2020). The THCLA's certificate provision—like other states' similar provisions—requires plaintiffs bringing medical malpractice actions to do more than what the Federal Rules of Civil Procedure require to initiate an action in federal court. Accordingly, when a claim that falls under the THCLA is brought in a federal action, the court must determine which pleading standard applies.

Until recently, federal courts, including this one, enforced the THCLA's certificate requirement in FTCA cases without question. *See, e.g.*, *Burns v. United States*, 542 F. App'x 461 (6th Cir. 2013); *Southwell v. Summit View of Farragut, LLC*, 494 F. App'x 508 (6th Cir. 2012); *Reed v. Speck*, 508 F. App'x 415 (6th Cir. 2012); *Mayo v. United States*, 785 F. Supp. 2d 692, 697 (M.D. Tenn. 2011). In 2019, however, the Sixth Circuit considered the application Ohio Civil Rule 10(D)(2)'s affidavit-of-merit requirement in an FTCA case and, applying the choice-of-law analysis most recently articulated in *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 559 U.S. 393 (2010), found that the affidavit requirement did not apply. *See Gallivan v. United States*, 943 F.3d 291 (6th Cir. 2019). *Gallivan* thus requires this Court to revisit its earlier decisions.

Ohio Civil Rule 10(D)(2) requires that "a complaint that contains a medical claim . . . be accompanied by one or more affidavits of merit . . . ." Ohio R. Civ. P. 10(D)(2)(a). In *Gallivan*, the Sixth Circuit considered whether that requirement applied to an FTCA claim alleging medical negligence by Bureau of Prisons personnel. *Gallivan*, 943 F.3d at 292. Following *Shady Grove*'s two-step analysis, the court first asked "whether the Federal Rules of Civil Procedure answer the question in dispute: does someone need an affidavit of merit to state a claim for medical negligence?" *Id.* at 293. It found that three Federal Rules of Civil Procedure "provide a clear answer" that no affidavit is required. *Id.* Rule 8(a) "provides the general rules of pleadings" and

directs that a complaint "include (1) a short and plain jurisdictional statement, (2) a short and plain statement of the claim, and (3) an explanation of the relief sought. Fed. R. Civ. P. 8(a) That's it." *Id.* Rule 12 provides that a complaint may move beyond the pleading stage "by simply alleging facts 'sufficient to state a claim to relief that is plausible on its face'" and "does not demand 'evidentiary support'—in an affidavit or any other form—for a claim to be plausible." *Id.* (first quoting *Majestic Bldg. Maint., Inc. v. Huntington Bancshares Inc.*, 864 F.3d 455, 458 (6th Cir. 2017); and then quoting *Klocke v. Watson*, 936 F.3d 240, 246 (6th Cir. 2019)). "Rule 9 confirms the point by specifying the few situations when heightened pleading *is* required—for instance, when a party alleges fraud or mistake." *Id.* (citing Fed. R. Civ. P. 9(b)). The court thus found that, "[t]o impose a heightened pleading standard [by requiring an affidavit of merit] . . . would upset the careful balance struck by the Federal Rules." *Id.* at 293–94.

The court then turned to the second *Shady Grove* inquiry: "whether the relevant Rules are valid under the Constitution and the Rules Enabling Act." *Id.* at 294. The court found this question "easy to answer" because "[t]he Federal Rules are presumptively valid" and "the Supreme Court has rejected every challenge to the Federal Rules that it has considered under the Rules Enabling Act." *Id*. (first citing *Burlington N. R.R. Co. v. Woods*, 480 U.S. 1, 6 (1987); and then quoting *Abbas v. Foreign Policy Grp., LLC,* 783 F.3d 1328, 1336 (D.C. Cir. 2015)). Having answered yes to both *Shady Grove* questions, the court held that "the district court should have applied the Federal Rules, not Ohio Rule 10(D)(2)" and should not have dismissed the plaintiff's claim for failing to file an affidavit of merit. *Id.*

*Gallivan* proved to be persuasive authority, as other courts of appeals soon applied its reasoning to hold similar state-law affidavit-of-merit provisions inapplicable to claims brought in federal court. In *Pledger v. Lynch*, 5 F.4th 511 (4th Cir. 2021), the Fourth Circuit addressed the

8
Case 3:20-cv-00633    Document 24    Filed 02/22/22    Page 8 of 19 PageID #: 124

pre-suit requirements of West Virginia's Medical Professional Liability Act (MPLA), which requires a plaintiff bringing a medical malpractice or negligence claim to serve on each named defendant "a notice of the claim, a statement of the theory of liability, a list of other providers and health care facilities also being notified, and a 'screening certificate of merit' by a qualifying health care provider evaluating the claim" thirty days before filing suit. *Pledger*, 5 F.4th at 516 (quoting W. Va. Code Ann. § 55-7B-6(b)). The court found "a growing consensus that certificate requirements like West Virginia's do not govern actions in federal court, because they conflict with and are thus supplanted by the Federal Rules of Civil Procedure." *Id.* at 518 (first citing *Gallivan*, 943 F.3d at 294; and then citing *Young v. United States*, 942 F.3d 349, 351 (7th Cir. 2019)[3]). Applying the *Shady Grove* analysis, the Court held "that the Federal Rules, not the MPLA, govern [the plaintiff's] claim in federal court, and that the district court erred by applying West Virginia's certificate requirement." *Id.* at 521.

The Second Circuit addressed the issue in *Corley v. United States*, 11 F.4th 79 (2d Cir. 2021). That case considered the application in an FTCA action of Connecticut General Statute Section 52-190a, which requires that any complaint in a personal injury or wrongful death action "contain a certificate of the attorney or party filing the action . . . that [a] reasonable inquiry gave

---

[3] In *Young v. United States*, 942 F.3d 349 (7th Cir. 2019), the Seventh Circuit considered the application of Illinois's statutory requirement that a plaintiff in a medical malpractice suit file an affidavit stating that "'there is a reasonable and meritorious cause' for litigation," *id.* at 349, "attached to the original and all copies of the complaint," 735 Ill. Comp. Stat. Ann. 5/2-622(a). The court had previously held that the "requirement applies to malpractice litigation in federal court because § 5/2-622 is a substantive condition of liability." *Id.* (citing *Hahn v. Walsh*, 762 F.3d 617 (7th Cir. 2014)). Finding a distinction between its prior decision in *Hahn* as "a private suit" and the FTCA suit brought by Young, the court applied *Shady Grove* to conclude that the question of what a complaint must contain was answered by Rule 8, which "does not require attachments[,]" and, therefore, that "Section 5/2-622 applies in federal court to the extent that it is a rule of *substance*; but to the extent that it is a rule of *procedure* it gives way to Rule 8 and other doctrines that determine how litigation proceeds in a federal tribunal." *Id.* at 351.

rise to a good faith belief that grounds exist for an action against each named defendant . . . ." Conn. Gen. Stat. Ann. § 52-190a. Relying on *Gallivan* as "instructive[,]" the court found that the Connecticut statute imposed a "heightened pleading requirement" that directly conflicted with Rule 8 and that the district court had erred in applying it. *Corley*, 11 F.4th at 88. The Court reasoned that "[t]he United States as a defendant must comply with the same standard of care and is liable 'in the same manner and to the same extent' as a similarly situated private party. But by requiring tort cases against it to be brought in federal court, the United States forgoes any tactical advantages a defendant might have under the procedural rules applied in state court." *Id.* at 89.

Most recently, the Sixth Circuit returned to this issue and addressed Michigan's affidavit of merit provision in *Albright v. Christensen*, --- F.4th ---, No. 21-1046, 2022 WL 278385, at *1 (6th Cir. Jan. 31, 2022), a diversity action alleging medical malpractice under Michigan law. Michigan's statute requires a plaintiff to "file with the complaint an affidavit of merit signed by a health professional who the plaintiff's attorney reasonably believes meets the requirements for an expert witness . . . ." Mich. Comp. Laws Ann. § 600.2912d(1). Applying "a familiar multistep choice-of-law framework" the Sixth Circuit first asked "whether state law conflicts with a valid federal rule of procedure on point." *Albright*, 2022 WL 278385, at *3 (citing *Hanna v. Plumer*, 380 U.S. 460, 469–70 (1965)). "If a state law collides with a federal rule, we must determine whether the federal rules applies under the Rules Enabling Act (REA) and relevant constitutional standards per Justice Stevens's controlling concurrence in [*Shady Grove*]." *Id.*

Finding *Gallivan* "[d]irectly relevant" and the Ohio affidavit-of-merit requirement "almost[ ]identical" to Michigan's, the court agreed that Federal Rules 8(a), 9, and 12(b)(6) answered the same question posed by the Michigan statute. *Id.* at *4. The court also found *Gallivan*'s conclusion "bolstered by Rule 11, which states outright that 'a pleading need not be

verified or accompanied by an affidavit.'" *Id.* (quoting Fed. R. Civ. P. 11(a)). "Because § 600.2912d collides with Rules 8(a), 9, 11, and 12(b)(6)," the court held "that Michigan's affidavit-of-merit requirement does not apply in federal court."[4] *Id.*

### C. *Gallivan*'s Application to the THCLA

Neither the Sixth Circuit nor this Court has yet considered *Gallivan*'s implications for the THCLA's certificate requirement in FTCA actions. In *Brusch v. United States*, the Sixth Circuit addressed this Court's pre-*Gallivan* dismissal of a plaintiff's FTCA claim for failure to file the THCLA certificate. 823 F. App'x at 410. *Gallivan* had issued after this Court entered judgement but before the plaintiff filed her appeal, and the plaintiff addressed *Gallivan*'s impact only after the court of appeals requested supplemental briefing. *Id.* Applying plain-error review because of that procedural posture, the court found that "the district court did not err by dismissing Brusch's complaint with prejudice for failure to file a certificate of good faith with her complaint . . . . Because the relevant caselaw actually favored the application of the THCLA at the time the district court dismissed Brusch's complaint, there was no plain error."[5] *Id.* at 412. The court "left for

---

[4] Addressing an issue raised by the district court regarding *Gallivan*'s application of *Shady Grove*, the Sixth Circuit "restate[d] [its] conclusion . . . that Justice Stevens's concurrence in *Shady Grove* controls the test governing the REA and constitutional standards." *Albright*, 2022 WL 278385, at *3 n.1 (citing *Whitlock v. FSL Mgmt., LLC*, 843 F.3d 1084, 1091 n.2 (6th Cir. 2016)). It articulated Justice Stevens's test as asking "whether the federal rule is a 'general rule[ ] of practice and procedure' that does 'not abridge, enlarge or modify any substantive right' and is 'procedural in the ordinary use of the term.'" *Id.* at *3 (alteration in original) (quoting *Shady Grove*, 559 U.S. at 418 (Stevens, J., concurring)). The court did not find *Gallivan*'s articulation of the test materially different, and both tests led to the conclusion that the Federal Rules in question are valid under the Rules Enabling Act. *Id.*

[5] Of course, a statement that caselaw "actually favored" requiring the good-faith certificate "at the time the district court" dismissed the complaint creates an inference that, by the time the court of appeals considered the question, caselaw no longer supported that conclusion.

another day" the question of whether the THCLA's good-faith certificate requirement applied in federal court. *Id.* at 412 n.1.[6]

In *Estate of Barnwell v. Grigsby*, 801 F. App'x 354 (6th Cir. 2020), the Sixth Circuit upheld the dismissal of the plaintiff's Section 1983 civil rights action alleging wrongful death arising out of inadequate medical care by police officers responding to a 911 call on grounds that the good-faith certificates she had filed did not meet the THCLA's standard of compliance and the plaintiff had not shown "extraordinary cause to excuse" their inadequacies. *Id.* at 360. The court acknowledged *Gallivan* in a footnote and observed that, "[a]lthough Tennessee's certificate of good faith requirement is arguably similar to Ohio's affidavit of merit requirement, [the plaintiff] does not raise this argument or otherwise suggest that the requirements [of the THCLA] are inapplicable in light of the Federal Rules." *Id.* at 361 n.4. The court held that the plaintiff had therefore waived consideration of that issue.

Other district courts, however, have applied *Gallivan's* reasoning to find that the THCLA's certificate requirement does not apply in FTCA cases. After the parties submitted their briefing in this matter, the U.S. District Court for the Western District of Tennessee issued an opinion in *Gray*

---

[6] In a concurring opinion, Judge Readler criticized the *Gallivan* court for "treat[ing] the [FTCA] case as one sitting in diversity" when "the better approach . . . seemingly would be to view [it] through the lens of federal question jurisdiction" and "simply apply federal substantive and procedural law." *Id.* at 412 (Readler, J., concurring). Recognizing, however, that the FTCA "commands that we apply state substantive law in this otherwise federal setting," Judge Readler suggested that, "if the Tennessee good-faith certificate requirement is substantive, the FTCA demands we apply it in [the federal] proceeding." *Id.* at 413. Citing federal and state authority finding the good-faith certificate requirement both substantive (federal) and procedural (state), Judge Readler also left the resolution of that question for "another day." *Id.* (citing *Williams v. United States*, 754 F.Supp.2d 942, 948–53 (W.D. Tenn. 2010) ("finding that Tennessee's good-faith certificate requirement is substantive and collecting cases holding that similar requirements are substantive") and *Ellithorpe v. Weismark*, 479 S.W.3d 818, 825 (Tenn. 2015) ("'While the 2008 and 2009 to the Tennessee Medical Malpractice Act established new *procedural* requirements for plaintiffs seeking to file medical malpractice actions . . . .'")).

*v. United States*, finding that Tennessee's certificate requirement did not apply to the plaintiff's FTCA claim that he received inadequate medical care while incarcerated. --- F. Supp. 3d ---, No. 2:17-CV-02346, 2021 WL 3727234, at *22 (W.D. Tenn. Aug. 23, 2021). The *Gray* court "applie[d] *Gallivan*'s version of the *Shady Grove* test" to the THCLA's certificate requirement, describing "'the question in dispute' [as] almost identical to the question in *Gallivan*—does someone need a certificate of good faith (rather than an affidavit of merit) to state a claim for medical negligence under the FTCA?" *Id.* at *21. The court found that, "[j]ust as in *Gallivan*, the Federal Rules answer this question[,]" and cited *Gallivan*'s reasoning on the scope of Federal Rules 8, 12, and 9. *Id.* After concluding that the Federal Rules in question are "'presumptively valid[ ]'" under the Rules Enabling Act, the *Gray* court found that, for the same reasons articulated in *Gallivan*'s consideration of Ohio Rule 10(D)(2), "the Federal Rules control and . . . the THCLA's good faith certificate requirement does not apply to Plaintiff's FTCA claims." *Id.*

Finally, in *Andes v. United States*, the U.S. District Court for the Western District of Virginia had occasion to consider the applicability of the THCLA's certificate requirement to an FTCA action alleging medical malpractice by VA employees in Virginia and Tennessee. No. 1:19CV00005, 2020 WL 3895780 (W.D. Va. July 10, 2020). After having dismissed the plaintiff's FTCA claim for failure to file the THCLA certificate, the court granted the plaintiff's motion for reconsideration based on the recently published *Gallivan* opinion. *Id.* at *1. The court found that *Gallivan* "applies with equal force to Tennessee's certificate of good faith requirement" because, "[l]ike the Ohio rule at issue in *Gallivan*, [Tennessee Code Annotated] § 29-26-122 imposes a pleading requirement. It addresses what must be attached to a complaint alleging medical negligence." *Id.* at *5. The court found that "Rules 8 and 12 . . . answer the same questions

as the Tennessee statute. Under *Shady Grove*, Tennessee's certificate of good faith requirement cannot apply in federal court, as it is displaced by the Federal Rules of Civil Procedure." *Id.*

**D.     *Gallivan*'s Application to Hinton's FTCA Claims**

With the recent course of the caselaw turned against it, the United States offers several reasons why *Gallivan*'s reasoning should not guide the Court's consideration of whether the THCLA's certificate requirement applies to Hinton's claims. (Doc. No. 21.)

The United States' primary argument is that the THCLA's certificate provision is a substantive requirement and therefore distinguishable from the procedural requirement of Ohio Rule 10(D)(2). (*Id.*) This is distinction is arguably relevant because, "although substantive state law governs the *merits* of a FTCA claim, the Federal Rules govern *procedural* issues." *Gallivan*, 943 F.3d at 294. Accordingly, the United States argues, the FTCA's limited waiver of sovereign immunity only grants jurisdiction to federal courts to the extent that state law is properly applied to all substantive issues.[7] (Doc. No. 21.)

The *Gallivan* court rejected the government's similar argument "that courts should apply *all* state rules that qualify as substantive under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), even if doing so would conflict with otherwise valid and applicable Federal Rules" for three reasons. *Gallivan*, 943 F.3d at 294. The court first reaffirmed that "[t]he FTCA (as originally enacted) expressly said that courts should apply the Federal Rules" and that Congress amended that language out of the statute only after finding it "unnecessary[ ]" in light of Rule 1's directive

---

[7]     To the extent the United States intends to argue that not applying the THCLA certificate requirement subjects the United States to greater liability than a private individual under Tennessee law, the *Gallivan* court found that "the Federal Rules do nothing to change the scope of the government's *liability*. With or without the Federal Rules, the elements for proving liability remain the same in a FTCA action because state law always supplies the rules of decision. If the Federal Rules apply, district courts may dismiss fewer complaints as procedurally defective. But that doesn't change the 'manner' or 'extent' of the government's liability." *Gallivan*, 943 F.3d at 295.

"that the Federal Rules apply in basically *all* civil actions in federal court . . . ." *Id.* (quoting *United States v. Yellow Cab Co.*, 340 U.S. 543, 553 n.9 (1951)). It concluded that, because "[a] FTCA action is a civil action in federal court[,] . . . the Federal Rules apply." *Id.* (footnote omitted). Second, the court found that "a Federal Rule (if valid) displaces inconsistent state law" under the Supremacy Clause, regardless of whether that law is procedural or substantive. *Id.* at 294. Finally, the court found that "the government's argument would effectively displace Congress's power 'to prescribe housekeeping rules for federal courts.'" *Id.* at 295 (quoting *Hanna*, 380 U.S. at 473). The court opined that any difference in federal and state procedural rules "matters little. Our judicial systems are not meant to be identical." *Id.* Thus, under *Gallivan*, it makes no difference if the THCLA's certificate requirement is labeled procedural or substantive, only that it and the Federal Rules of Civil Procedure provide different answers to the same question. *See id.* at 293.

Further, the "authoritative interpreter" of the THCLA—the Tennessee Supreme Court—characterizes the certificate requirement as procedural. *Gallivan*, 943 F.3d at 296. The Tennessee Supreme Court describes the good-faith certificate as a "procedural requirement[ ] for plaintiffs seeking to file medical malpractice actions[.]" *Ellithorpe v. Weismark*, 479 S.W.3d 818, 825 (Tenn. 2015). It recently reaffirmed that characterization in holding that "[a] motion to dismiss under [Tennessee Rule of Civil Procedure] 12.02(6) is the appropriate way to challenge compliance with the [THCLA's] procedural requirements[,]" like the certificate of good faith. *Cooper v. Mandy*, --- S.W. 3d ---, 2022 WL 175804, at *2 (Tenn. Jan. 20, 2022) (citing *Ellithorpe*, 479 S.W.3d at 823).

The only cases offered by the United States terming the certificate a substantive requirement of state law are a series of pre-*Gallivan* decisions by federal district courts whose characterizations of state law carry less weight in this context than those of Tennessee's highest

court. (Doc. No. 21 (first citing *Shuler v. Baptist Mem. Health Care Corp.*, No. 2:12-cv-2498, 2012 WL 12899059, at *2 (W.D. Tenn. Oct. 1, 2012); then citing *Litton v. Wellmont Health Sys.*, No. 2:11-CV-257, 2012 WL 4372375, at *4 (E.D. Tenn. Sept. 24, 2012); then citing *Conrad v. Washington Cnty.*, No. 2:11-CV-106, 2012 WL 554462, at *2 (E.D. Tenn. Feb. 21, 2012); then citing *Mayo v. United States*, 785 F. Supp. 2d 692, 697 (M.D. Tenn. 2011); and then citing *Williams v. United States*, 754 F. Supp. 2d 942, 948 (W.D. Tenn. 2010)).) The United States cites no Tennessee court decision finding the certificate requirement to be substantive. Instead, apparently equating a mandatory requirement with a substantive one, the United States directs the Court to a decision in which the Tennessee Supreme Court has characterized the certificate requirement as "mandatory." (Doc. No. 21 (citing *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 309, 310 (Tenn. 2012)).) The United States also argues "that Ohio's *rule* may be distinguishable from other laws, including Tennessee's *statute*," implying that the form in which a requirement is enacted determines its function. (*Id.* at PageID# 100.) But procedural rules can be mandatory, and they can be enacted by statute. *See, e.g.*, *Manrique v. United States*, 137 S. Ct. 1266, 1272 (2017) ("Mandatory claim-processing rules 'seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times.'" (quoting *Henderson v. Shinseki*, 562 U.S. 428, 435 (2011))); *United States v. Young*, 424 F.3d 499, 507 (6th Cir. 2005) ("A statutory procedural rule framed 'in terms of the mandatory "shall" . . . normally create[s] an obligation impervious to judicial discretion.'" (first alteration in original) (quoting *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998))). Neither characteristic is relevant to the conflict analysis prescribed by *Shady Grove*.

The United States next tries to distinguish the THCLA certificate requirement from Ohio Rule 10(D)(2) on grounds that, under the THCLA, the certificate is filed as a separate document

and not as part of the complaint. (Doc. No. 21.) The THCLA instructs plaintiffs to "file a certificate of good faith with the complaint[,]" Tenn. Code. Ann. § 29-26-122(a), while Ohio Rule 10(D)(2) requires that the complaint "be accompanied by one or more affidavits of merit . . ." Ohio R. Civ. P. 10(D)(2)(a). But the distinction between a certificate accompanying the complaint or being filed with the complaint—if there is any semantic difference at all—does not alter the function of a certificate requirement in a way that is material to the *Gallivan* analysis.[8] The Sixth Circuit found no reason to treat Michigan's affidavit-of-merit rule differently from Ohio Rule 10(D)(2) in *Albright*, even though Michigan's statute requires a plaintiff to file the affidavit of merit "'with the complaint . . . .'" *Albright*, 2022 WL 278385, at *2 (quoting Mich. Comp. Laws Ann. § 600.2912b). The Fourth Circuit found *Gallivan*'s analysis to apply equally to West Virginia's statutory requirement that a plaintiff serve a certificate of merit on each named defendant thirty days *before* filing an action. *Pledger*, 5 F.4th at 516; *see also Albright*, 2022 WL 278385, at *6 (considering *Pledger* and finding "[t]hat the affidavit of merit was required to be served *before* the filing of the complaint, rather than filed *with* the complaint, did not change the fact that the affidavit-of-merit requirement acted as a heightened pleading standard"). What matters is that a

---

[8]   The *Gallivan* court cited Ohio Rule 10(C) for the proposition that, "[u]nder Ohio law . . ., the affidavit of merit *is* part of the complaint." *Gallivan*, 943 F.3d 296. Ohio Rule 10(C) provides that "[a] copy of any written instrument attached to a pleading is part of the pleading for all purposes." Ohio R. Civ. P. 10(C). Tennessee Rule of Civil Procedure 10.03 similarly provides that, "[w]henever a claim or defense is founded upon a written instrument . . . the pertinent parts thereof shall be attached to the pleading as an exhibit" and "[e]very exhibit so attached . . . shall be a part of the pleading for all purposes." Tenn. R. Civ. P. 10.03. That Tennessee law considers the certificate of merit to be part of the complaint is also demonstrated by the fact that "[a] motion to dismiss for failure to state a claim is the proper method for challenging whether a plaintiff has complied with the . . . certificate of good faith requirement[ ]." *Ellithorpe*, 479 S.W.3d at 823; *see also id.* at 824 (further noting that "[a] motion to dismiss based upon Tennessee Rule of Civil Procedure 12.02(6) challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence").

certificate is required to initiate a lawsuit, not the timing or manner in which that certificate is served or filed.

Finally, the United States points to *Gallivan*'s consideration of the Seventh Circuit's decision in *Hahn v. Walsh*, 762 F.3d 617 (7th Cir. 2014), in which that court "concluded that a similar [Illinois] state affidavit requirement did not conflict with Rule 8 because both rules could coexist without conflict and because the rules serve different purposes." *Gallivan*, 943 F.3d at 296. The *Gallivan* court found that "*Hahn* might well be distinguishable" because "[u]nder Illinois law, the affidavit of merit is not part of the complaint and 'says nothing about the contents' of the complaint." *Id.* (quoting *Hahn*, 762 F.3d at 631). After noting this distinction, however, the *Gallivan* court rejected *Hahn* as persuasive authority because it "conflicts with *Shady Grove*. In *Shady Grove*, the Supreme Court said that the relevant inquiry isn't whether the federal and state rules can coexist but whether the Federal Rules 'answer[ ] the question in dispute'." *Id.* (alteration in original). Ultimately, the court concluded, "*Hahn* reached the wrong answer because it asked the wrong questions." *Id.*

The United States' argument that this Court should follow *Hahn* because the THCLA and the Federal Rules can peacefully coexist is similarly misdirected.[9] *See Albright*, 2022 WL 278385, at *3; *Gallivan*, 943 F.3d at 293; *see also Andes*, 2020 WL 3895780, at *5 (finding that other cases

---

[9] The United States asserts that "the *Gallivan* court applied an incorrect standard to analyze whether the THCLA is substantive state law or procedural." (Doc. No. 21, PageID# 100.) But the United States does not specify what standard the *Gallivan* court should have applied, and *Albright* endorses *Gallivan*'s application of the "familiar multistep choice-of-law framework" developed by the Supreme Court in *Hanna*, *Shady Grove*, and other related cases. *Albright*, 2022 WL 278385, at *3 (first citing *Hanna*, 380 U.S. at 469–70; and then quoting *Burlington*, 480 U.S. at 4–5); *see also Walker v. Armco Steel Corp.*, 446 U.S. 740, 749–50 & n.9 (1980). Of course, "a district court is bound by the decisions of the Circuit Court of Appeals in which its sits." *Nettles v. Midland Funding LLC*, 530 F. Supp. 3d 706, 715 (E.D. Mich. 2021) (quoting *Hall v. Eichenlaub*, 559 F.Supp.2d 777, 782 (E.D. Mich. 2008)).

relied on "by the United States either predate *Shady Grove* or ignore it, instead applying different standards" (first citing *Hahn*, 762 F.3d at 631–32; then citing *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 262 (3d Cir. 2011); and then citing *Chamberlain v. Giampapa*, 210 F.3d 154, 160 (3d Cir. 2000))). This Court finds—as courts considering the issue post-*Gallivan* have consistently found—that the THCLA's certificate requirement conflicts with the Federal Rules of Civil Procedure and that the Federal Rules control what must be filed to initiate an FTCA action alleging medical malpractice in federal court. The Federal Rules do not require a certificate, so Hinton was not required to file one with his complaint.

IV. **Recommendation**

For the foregoing reasons, the Magistrate Judge RECOMMENDS that the United States' motion to dismiss (Doc. No. 20) be DENIED.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 22nd day of February, 2022.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge