IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL A. HINTON,            ) <br> ) <br>     Plaintiff,            ) <br> ) <br> v.            ) <br> ) <br> UNITED STATES OF AMERICA,            ) <br> ) <br>     Defendant.            ) <br> ) | Case No. 3:20-cv-00633 <br> Judge Aleta A. Trauger <br> Magistrate Judge Alistair E. Newbern |

**MEMORANDUM and ORDER**

Before the court are defendant United States of America's Objections (Doc. No. 27) to Magistrate Judge Newbern's Report and Recommendation ("R&R") (Doc. No. 24), which recommends that the defendant's Renewed Motion to Dismiss (Doc. No. 20) be denied. For the reasons set forth herein, the court will overrule the Objections, accept and adopt the R&R, and deny the Motion to Dismiss.

**I.     PROCEDURAL BACKGROUND**

Plaintiff Michael Hinton brings suit under the Federal Tort Claims Act (FTCA) alleging medical malpractice by a physician from whom he received treatment at the Tennessee Valley Healthcare System campus, a Veterans administration (VA) facility in Nashville, Tennessee. After Hinton's administrative tort claim filed with the VA was denied, Hinton filed suit *pro se* in this court, and the case was referred to Magistrate Judge Newbern to oversee service of process, to enter a scheduling order for the management of the case, and to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B). (Doc. No. 3.)

In November 2020, the United States filed a motion to dismiss Hinton's Complaint (Doc.

No. 1) under Rule 12(b)(6) of the Federal Rules of Civil Procedure, based on Hinton's failure to comply with the Tennessee Health Care Liability Act (THCLA), Tenn. Code Ann. § 29-26-122, which requires a plaintiff to file a certificate of good faith with any complaint alleging medical malpractice. Magistrate Judge Newbern granted Hinton's request for an extension of time to file a certificate of good faith and administratively terminated the first Motion to Dismiss without prejudice to refiling after the expiration of the extended time period. (Doc. No. 16.)

Hinton did not file a certificate of good faith by the extended deadline, and the government filed its Renewed Motion to Dismiss. (Doc. No. 20.) The sole issue presented by the defendant's motion is whether Hinton's failure to file a certificate of good faith with his Complaint, as required by the THCLA, mandates the dismissal with prejudice of this case.

On February 22, 2022, Magistrate Judge Newbern issued a thorough and thoughtful R&R that addressed each of the government's arguments, rejected them, and recommended that the Renewed Motion to Dismiss be denied, largely on the basis of the Sixth Circuit's opinion in *Gallivan v. United States*, 943 F.3d 291 (6th Cir. 2019), in which that court considered the application of Ohio Civil Rule 10(D)(2)'s affidavit of merit requirement—similar to the THCLA's certificate of good faith requirement—in an FTCA case. Applying the choice-of-law analysis most recently articulated by the Supreme Court in *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 559 U.S. 393 (2010), the Sixth Circuit found that the affidavit requirement does not apply to a case brought in federal court. The R&R concluded that that holding applies to the THCLA's certificate of good faith requirement as well. The government filed timely Objections to the R&R. (Doc. No. 27.)

II. **STANDARD OF REVIEW**

Within fourteen days after being served with a report and recommendation as to a dispositive matter, any party "may serve and file specific written objections to [a magistrate

judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration are generally deemed waived. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citations omitted).

### III. DISCUSSION

The governments' Objections largely reprise the arguments made in support of its Renewed Motion to Dismiss. The government characterizes the THCLA's certificate of good faith requirement as substantive rather than procedural, because the requirement goes to the evidentiary merits of a case, and it insists that the R&R is erroneous insofar as it concluded that the certificate of good faith requirement is procedural rather than substantive. The court has conducted a *de novo* review of the issues raised by the defendant's Motion and the Magistrate Judge's analysis of those issues and, finding no error, adopts the Magistrate Judge's analysis in its entirety.

The government also raises what appears to be a new argument, one not presented to the Magistrate Judge. Pointing out that Tennessee law requires dismissal of a medical malpractice complaint *with prejudice* if a plaintiff fails to file a certificate of good faith with the complaint, Tenn. Code Ann. § 29-26-122(c), the government argues that "the dismissal of the action with

prejudice for not having an expert at the time of the complaint's filing distinguishes the THCLA requirement from those of other states cited in the R&R." (Doc. No. 27, at 3 (citing *Albright v. Christensen*, 24 F.4th 1039 (6th Cir. 2022); *Corley v. United States*, 11 F.4th 79 (2d Cir. 2021); *Pledger v. Lynch*, 5 F.4th 511 (4th Cir. 2021); *Young v. United States*, 942 F.3d 349 (7th Cir. 2019)).)

Because the government did not raise this argument in its Motion to Dismiss and, thus, did not give the Magistrate Judge the opportunity to consider it, the court finds the argument to be waived. *Murr*, 200 F.3d at 902 n.1. In addition, however, the argument is without merit. The government fails to explain why dismissal with prejudice would make a difference to the analysis of whether the state law conflicts with the Federal Rules of Civil Procedure and, therefore, is inapplicable in federal court. The Sixth Circuit's consideration of Ohio's affidavit of merit requirement in *Gallivan*, based on *Shady Grove* as well as *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), and *Hanna v. Plumer*, 380 U.S. 460 (1965), effectively disposes of this argument as well. The question is not whether the state law or rule is substantive, but whether the state law conflicts with a valid and applicable federal rule. As the court noted, "although substantive state law governs the merits of a FTCA claim, the Federal Rules govern procedural issues," and " a Federal Rule (if valid) displaces inconsistent state law." *Gallivan*, 943 F.3d at 294 (citations omitted). And this is so, regardless of whether the state law in question is deemed procedural or substantive. *Accord Albright*, 24 F.4th at 1046 (holding that Michigan's statutory affidavit-of-merit requirement does not apply in federal court).

Moreover, in *Albright*, the district court had dismissed *with prejudice* the medical malpractice complaint filed in that case, based on the plaintiff's failure to comply with

Michigan's "presuit-notice requirement." *Id.* at 1043. The Sixth Circuit reversed, without regard to the fact that Michigan law required dismissal with prejudice:

> Under *Shady Grove*, what matters is whether the one-size-fits-all formula for filing and maintaining a complaint set out by the Federal Rules is enough to provide[] an answer to the question at issue: whether [the plaintiff] must supply presuit notice to file a lawsuit.
>
> . . . .
>
> These requirements [of the content of the presuit notice] exceed those in Federal Rule 8(a), which requires only "a short and plain statement of the grounds for the court's jurisdiction"; "a short and plain statement of the claim showing that the pleader is entitled to relief"; and "a demand for the relief sought." If Michigan law provided that its requirements be included in the complaint, rather than in the notice, that law would clearly not apply [in] federal court. . . . [T]he state cannot circumvent federal pleading requirements by requiring plaintiffs to serve documents before filing the complaint. Otherwise, the state could create any pleading requirement it chose and label it a notice requirement, and it would apply in federal court. Such a result is inconsistent with both *Hanna* and the Federal Rules of Civil Procedure.

*Id.* at 1048 (some quotation marks and internal citations omitted).

The court, in short, is unpersuaded by the government's arguments in its Motion to Dismiss and its Objections to the R&R.

## IV. CONCLUSION AND ORDER

For the reasons set forth herein and in the R&R, the United States of America's Objections (Doc. No. 27) are **OVERRULED**. The court **ACCEPTS** and **ADOPTS** the R&R (Doc. No. 24) in its entirety and, accordingly, **DENIES** the government's Renewed Motion to Dismiss (Doc. No. 20).

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge